No. 23-6604

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH COURT
————————————

UNITED STATES OF AMERICA,
                    *Plaintiff/Appellee*,


v.


DAVID WILBERT SHANTON, SR.
                    *Defendant/Appellant.*
————————————


On Appeal From the United States District Court
for the District of Maryland
(The Hon. Catherine C. Blake)
————————————


OPENING BRIEF OF APPELLANT
————————————

JAMES WYDA
Federal Public Defender

PARESH S. PATEL
Assistant Federal Public Defender
Counsel for Appellant
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland 20770
(301) 344-0600
Paresh_Patel@fd.org

# TABLE OF CONTENTS

Table of Authorities ................................................................. iii

Introduction ........................................................................... 1

Statement of Jurisdiction ..................................................... 4

Statement of the Issue ......................................................... 4

Statement of the Case .......................................................... 4

    A.    Conviction and Sentencing .................................... 4

    B.    Direct Appeal ......................................................... 6

    C.    28 U.S.C. § 2255 Proceeding ................................ 6

    D.    Notice of Appeal .................................................... 9

Summary of Argument .......................................................... 9

Argument ................................................................................ 9

I.    Standard of Review ......................................................... 9

II.    Maryland robbery is not a "violent felony" under the Armed Career Criminal Act because it can be committed with the reckless or negligent use of physical force against another .......... 10

    A.    The ACCA force clause excludes offenses that can be committed with the reckless use of force or less .................. 11

    B.    The categorical approach applies here ................................. 12

    C.    Maryland robbery is not a qualifying offense under the ACCA force clause because it can be committed with reckless or negligent use of force ....................................................... 13

D.     This Court's decisions in *United States v. Johnson* and *United States v. Dickson* are inapposite because they never addressed whether Maryland robbery can be committed with a reckless mens rea or less.................................................... 16

Conclusion ......................................................................... 19

Request for Oral Argument................................................... 21

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Borden v. United States,* ___U.S.___, 141 S. Ct. 1817 (2021) ......... *passim*

*Brecht v. Abrahamson*, 507 U.S. 619 (1993) .......................................... 18

*Descamps v. United States*, 570 U.S. 254 (2013) .................................... 12

*Duckworth v. State,* 594 A.2d 109 (Md. 1991) ....................................... 14

*Elias v. State,* 661 A.2d 702 (Md. 1995) ................................................ 14

*Johnson v. United States*, 576 U.S. 591 (2015) .............................. *passim*

*Lamb v. State*, 613 A.2d 402 (Md. Ct. Spec. App. 1992) ........................ 14

*Metheny v. State*, 755 A.2d 1088 (Md. 2000) ......................................... 15

*Miller-El v. Cockrell*, 537 U.S. 322 (2003) ............................................... 9

*Redacted v. Redacted*, 2022 WL 4546737
    (D.D.C. Aug. 29, 2022) ................................................................ *passim*

*Snowden v. State,* 583 A.2d 1056 (Md. 1991) ....................................... 13

*Stebbing v. State*, 473 A.2d 903 (Md. 1984) .......................................... 15

*United States v. Al-Muwwakkil,* 983 F.3d 748 (4th Cir. 2020) ............... 9

*United States v. Dickson*, 2022 WL 2340553
    (4th Cir.  June 29, 2022) .............................................................. *passim*

*United States v. Hemingway,* 734 F.3d 323 (4th Cir. 2013) .................. 18

*United States v. Kennedy*, 32 F.3d 876 (4th Cir. 1994) .................... 17, 18

*United States v. Johnson,* 945 F.3d 174 (4th Cir. 2019)................ *passim*

*United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015).......................... 18

*United States v. Norman,* 935 F.3d 232 (4th Cir. 2019).................. 17, 18

*United States v. Royal*, 731 F.3d 333 (4th Cir. 2013) ............................ 12

*United States v. Shanton,* 462 F. App'x. 297 (4th Cir. 2012) ................... 6

*United States v. Shanton,* 513 F. App'x. 265 (4th Cir. 2013) .................. 6

*United States v.  Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) .............. 13

<u>Statutes and Rules</u>

18 U.S.C. § 922(g) ................................................................ 1, 4

18 U.S.C. § 924(c) ................................................................ 1, 5

18 U.S.C. § 924(e) ............................................................ *passim*

18 U.S.C. § 2113 ................................................................ 1, 4

21 U.S.C. § 846 ..................................................................... 17

28 U.S.C. § 1291 ..................................................................... 4

28 U.S.C. § 1331 ..................................................................... 4

28 U.S.C. § 2253(a) ................................................................. 4

28 U.S.C. § 2255 ............................................................ *passim*

U.S.S.G. § 4B1.2 ........................................................ 2, 17, 18

iv

Fed. R. App. P. 4(a)(1) ........................................................ 4

Md. Code, Crim. Law § 3-401(e) ....................................... 13

Md. Code, Crim. Law § 3-402 ............................................ 13

# INTRODUCTION

In 2009, a jury convicted Mr. Shanton on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts Four and Eight).  JA26.[1]  The district court subsequently sentenced Mr. Shanton to a term of 188 months' imprisonment on these counts.[2]  JA27.  The court did so upon applying the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)) enhancement that mandated a sentence of 180 months to life imprisonment—a punishment that exceeded the otherwise applicable statutory maximum of 120 months' imprisonment at the time.  JA 135, 138.

The district court's ACCA sentence was predicated on four predicate convictions that the presentence report (PSR) identified as

---

[1]     JA refers to the Joint Appendix followed by the page number.

[2]     Mr. Shanton was also convicted of two counts of bank robbery in violation of 18 U.S.C. § 2113 (Counts Two and Six) and two counts of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Counts Three and Seven).  JA26.  The court sentenced Mr. Shanton to a concurrent term of 188 months' imprisonment on the bank robbery counts (Counts Two and Six) and a consecutive term of 120 months' imprisonment on one of the § 924(c) counts (Count 3) and another consecutive term of 300 months' imprisonment on the second § 924(c) count (Count 7).  JA27.

1

"violent felonies." JA135. However, after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015)—which voided the residual clause of the ACCA "violent felony" definition (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague—Mr. Shanton is no longer an armed career criminal. The only dispute in this case is whether Mr. Shanton's prior Maryland robbery convictions—two of the four predicates upon which the district court relied to deem Mr. Shanton an armed career criminal—still qualify as "violent felonies" under the remaining force clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(i)).

They do not. As Judge Reggie Walton of the United States District Court for the District of Columbia recently held in a methodical decision, Maryland robbery is not a qualifying offense under the force clause after *Borden v. United States,* __U.S.__, 141 S. Ct. 1817 (2021) because it can be committed with reckless or negligent use of force. *Redacted v. Redacted*, 2022 WL 4546737 (D.D.C. Aug. 29, 2022).[3]

---

[3]    In *Redacted*, 2022 WL 4546737, Judge Walton found that Maryland robbery is not a "crime of violence" under the force clause of U.S.S.G. § 4B1.2(a). However, because the ACCA force clause is identical to the § 4B1.2 force clause, the decision is directly on point here.

The district court erred by failing to adopt Judge Walton's ruling and instead concluding that Maryland robbery remains a "violent felony" after *Johnson*. JA9-12. The district court did so not because it had any quarrel with Judge Walton's reasoning. Indeed, the court made no attempt to counter Judge Walton's analysis. Instead, the court ruled that, unlike Judge Walton, it was bound by this Court's previous decisions in *United States v. Dickson*, 2022 WL 2340553 (4th Cir. June 29, 2022) and *United States v. Martin Johnson,* 945 F.3d 174, 181 (4th Cir. 2019), in which the Court previously held that Maryland robbery qualifies as an ACCA "violent felony." JA122-123. However, in these cases, the defendants never argued that Maryland robbery fails to qualify as a "violent felony" post-*Borden* because it can be committed recklessly. That mens rea issue was never briefed, addressed, or decided. In fact, not a word was said about the issue in these cases. Therefore, *Dickson* and *Johnson* have zero relevance here.

Thus, the district court erred in finding that Maryland robbery remains a "violent felony" and denying Mr. Shanton's motion under 28 U.S.C. § 2255 challenging his ACCA status. Hence, this Court should

reverse the district court's denial of Mr. Shanton's § 2255 motion,

vacate his ACCA sentence, and remand the case for resentencing.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over Mr. Shanton's motion to

vacate his sentence under 28 U.S.C. § 2255(a) and 28 U.S.C. § 1331.

The district court entered its opinion and order denying the motion on

April 21, 2023.  JA112-126.  Mr. Shanton timely filed his notice of

appeal on June 15, 2023.  JA127; *see* Fed. R. App. P. 4(a)(1).  Therefore,

this Court has jurisdiction over this appeal pursuant to 28 U.S.C.

§ 2253(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Does Maryland robbery categorically fail to qualify as a "violent felony"
under the Armed Career Criminal Act because it can be committed with
the reckless or negligent use of physical force?

## STATEMENT OF THE CASE

### A.     Conviction and Sentencing

On March 26, 2009, a jury convicted Mr. Shanton on two counts of

being a felon in possession of a firearm in violation of 18 U.S.C. §

922(g)(1) (Counts Four and Eight), two counts of bank robbery in

violation of 18 U.S.C. § 2113 (Counts Two and Six), and two counts of

using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Counts Three and Seven). JA26. On June 19, 2009, the district court sentenced Mr. Shanton as an armed career criminal after finding that the following prior convictions qualified as "violent felonies" under the ACCA:

(1) a 1973 Maryland second degree assault and robbery,
(2) a 1974 Maryland second degree assault and robbery,
(3) a 1981 Maryland armed robbery, and
(4) a 1989 federal bank robbery.

JA135.

The court's application of the ACCA enhancement subjected Mr. Shanton to a mandatory minimum of 180 months to life imprisonment on Counts Four and Eight. 18 U.S.C. § 924(e). The court sentenced Mr. Shanton to a concurrent term of 188 months' imprisonment on Counts Four and Eight. JA27. Additionally, the court sentenced Mr. Shanton to a concurrent term of 188 months' imprisonment on Counts Two and Six of the indictment. JA27. Finally, the court sentenced Mr. Shanton to a consecutive sentence of 120 years' imprisonment on Count Three and another consecutive sentence of 300 months' imprisonment on Count Seven. JA27.

**B.    Direct Appeal**

Subsequent to his sentencing, Mr. Shanton filed a direct appeal challenging his conviction and sentence, which this Court ultimately affirmed.  *See United States v. Shanton,* 462 F. App'x. 297 (4th Cir. 2012), *cert granted*, *judgment vacated*, 568 U.S. 802 (2012); *United States v. Shanton*, 513 F. App'x. 265 (4th Cir. 2013).

**C.    28 U.S.C. § 2255 Proceeding**

On October 10, 2014, Mr. Shanton filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  Subsequent to this filing, on June 26, 2015, in *Johnson*, 576 U.S. 591, the Supreme Court held that the residual clause of the ACCA's "violent felony" definition, *see* 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague in violation of the Due Process Clause.

In light of *Johnson*, Mr. Shanton supplemented his § 2255 motion with a claim challenging the constitutionality of his ACCA sentence. Specifically, he argued that his prior convictions for Maryland second degree assault and robbery no longer qualify as ACCA "violent felonies" after *Johnson*.  Mr. Shanton further supplemented this claim after the Supreme Court's decision in *Borden,* 141 S. Ct. 1817, which held that

offenses with a reckless mens rea or less categorically fail to qualify as "violent felonies" under the ACCA force clause. JA35. In particular, Mr. Shanton argued that *Borden* disqualifies Maryland robbery as a "violent felony" under the ACCA force clause because the offense can be committed with the reckless or negligent use of physical force. JA35-45. In support of his argument, Mr. Shanton relied on *Redacted*, 20222 WL 4546737, in which Judge Walton of the D.C. District Court comprehensively analyzed Maryland law to conclude that Maryland robbery is not a qualifying offense under the force clause after *Borden*. JA35-45; JA92-111.

In its response to Mr. Shanton's ACCA claim, the government did not dispute that post-*Johnson,* Mr. Shanton's prior Maryland second degree assault convictions no longer qualify as "violent felonies" under the ACCA. JA49-50; JA51. However, the government argued that Maryland robbery remains a "violent felony" because it cannot be committed with reckless or negligent force, despite Judge Walton's finding to the contrary. JA46-63.

Ultimately, the district court rejected Mr. Shanton's ACCA claim. JA120-123. The court did so not because it disagreed with Judge

Walton's reasoning, but because it believed that it was bound by this Court's law precluding it from finding that Maryland robbery fails to qualify as a "violent felony." JA122-123. Specifically, the court concluded that it had no authority to disqualify Maryland robbery as an ACCA "violent felony" in light of this Court's decisions in *Dickson,* 2022 WL 2340553, and *Martin Johnson*, 945 F.3d 174. The district court held as such even though these decisions never addressed or decided whether, post-*Borden*, Maryland robbery fails to qualify as a "violent felony" due to its mens rea. JA122-123.

With that said, the district court denied Mr. Shanton's § 2255 motion. JA123. However, the court granted a certificate of appealability upon noting that "[a]lthough [the] court is bound to apply *Johnson* and *Dickson* in this case, the Fourth Circuit may (or may not) find it appropriate to reassess those decisions in light of *Borden*." JA123. The court further explained that "[w]ere [] [it] not bound by Fourth Circuit precedent, it would find the issue of whether Maryland robbery can be committed with a mens rea of 'recklessness' a 'debatable question.'" JA123-124. Thus, the court concluded that Mr. Shanton

"deserve[s] encouragement to proceed further."  JA (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  JA124.

### D.    Notice of Appeal

Mr. Shanton noted his appeal from the district court's order denying his § 2255 motion within 60 days of its issuance.  JA127.

## SUMMARY OF ARGUMENT

Maryland robbery is not a "violent felony" under the Armed Career Criminal Act after *Borden* because it can be committed with the reckless or negligent use of physical force.  Therefore, Mr. Shanton does not have the three predicate convictions necessary to qualify him as an armed career criminal.

## ARGUMENT

## I.    Standard of Review

This Court reviews de novo both the district court's denial of Mr. Shanton's 28 U.S.C. § 2555 motion and the question of whether a defendant's prior convictions qualify as "violent felonies" under the ACCA.  *United States v. Al-Muwwakkil,* 983 F.3d 748, 754 (4th Cir. 2020).

**II.  Maryland robbery is not a "violent felony" under the
     Armed Career Criminal Act because it can be committed
     with the reckless or negligent use of physical force against
     another.**

Under the ACCA, a prior offense qualifies as a "violent felony" if it

is "punishable by imprisonment for a term exceeding one year" and it

(i)  has as an element the use, attempted use, or threatened use
     of physical force against the person of another; [known as
     the force clause] or

(ii)  is burglary, arson, or extortion, involves use of explosives
      [known as the enumerated offenses clause], or otherwise
      involves conduct that presents a serious potential risk of
      physical injury to another [known as the residual clause].

18 U.S.C. § 924(e)(2)(B) (emphasis added).

In *Johnson*, 576 U.S. 591, the Supreme Court held that the

residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) referenced above was

unconstitutionally void for vagueness in all applications.  And Maryland

robbery is not an offense listed under the enumerated offenses clause

(18 U.S.C. § 924(e)(2)(B)(ii)).  Therefore, Maryland robbery can

now only qualify as a "violent felony" if it satisfies the force clause (18

U.S.C. § 924(e)(2)(B)(i)).  It does not because it can be violated by the

reckless or negligent use of force—conduct that falls outside of the force

clause after *Borden*.  Thus, Mr. Shanton no longer has the requisite

convictions necessary to qualify him as an armed career criminal under 18 U.S.C. § 924(e).

### A. The ACCA force clause excludes offenses that can be committed with the reckless use of force or less.

Before addressing the elements of Maryland robbery, it is important to set forth the parameters of the ACCA force clause and the categorical approach.

As the Supreme Court held in *Borden*, 141 S. Ct. 1817, the force clause excludes offenses that can be committed with the use of reckless force or less. In that case, the Court found that a Tennessee aggravated assault offense categorically fails to qualify as an ACCA "violent felony" because it can be accomplished with use of reckless force. *Id.* In so holding, the Court reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator *direct his action* at, or *target*, another individual." *Borden*, 141 S. Ct. at 1825 (emphases added). Even where a perpetrator's conduct has caused force to be applied to another person, but he did not "consciously deploy[]" or "train[]" the force on another knowing the other would be impacted, the perpetrator's conduct does not qualify as "physical force against the

person of another." *Id.* at 1827.  Rather, to come within the force clause, physical force put in motion by a deliberate act must be accompanied by an intent to apply that force or threaten force "against the person of another." *Id.* at 1826-27.  And, critically, this requires "a deliberate choice of wreaking harm on another, rather than mere indifference to risk." *Id.* at 1830.  Under such terms, reckless force does not suffice under the ACCA force clause.

Thus, a robbery offense that can be committed with the reckless use of force or less does not constitute a "violent felony" under the ACCA force clause (18 U.S.C. § 924(e)(2)(B)(i)).

## B.    The categorical approach applies here.

In determining whether a conviction qualifies as an ACCA "violent felony," sentencing courts must employ the categorical approach.  *See Descamps v. United States*, 570 U.S. 254 (2013); *United States v. Royal*, 731 F.3d 333, 341-42 (4th Cir. 2013).  This approach requires that courts "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "violent felony." *Descamps*, 570 U.S. at 261 (citation omitted); *Royal*, 731 F.3d

at 341-42.  In addition, under the categorical approach, a prior offense is only a "violent felony" if all the criminal conduct covered by a statute —"including the most innocent conduct"—matches or is narrower than the "violent felony" definition.  *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012).  "If any—even the least culpable—of the acts criminalized" under the statute does not constitute a "violent felony," then the statute categorically fails to qualify as an ACCA predicate.  *Borden,* 141 S. Ct. at 1822.

### C.  Maryland robbery is not a qualifying offense under the ACCA force clause because it can be committed with reckless or negligent use of force.

As Judge Walton held in *Redacted*, *Borden* and the categorical approach dictate that Maryland robbery fails to qualify as a "violent felony" under the force clause because it can be committed with the reckless use of force or less.  *Redacted,* 2022 WL 4546737, at *6-10.

Although Maryland robbery is codified under Md. Code, Crim. Law § 3-402, it retains its judicially determined meaning.  Md. Code, Crim. Law § 3-401(e).  And in *Snowden v. State,* 583 A.2d 1056, 1059 (Md. 1991), the Maryland Court of Appeals (now called the Maryland Supreme Court) provided a straightforward judicial meaning of the

crime: "It is larceny from the person accomplished by either an assault (putting in fear) or battery (violence)." *Id.* That is, a larceny plus a battery, is sufficient to sustain a conviction for Maryland robbery.

In turn, as Judge Walton recognized in *Redacted*, 2022 WL 4546737, at \*6-7, Maryland courts have made explicit that "[a] criminal battery may be intentional or *unintentional.*" *Elias v. State,* 661 A.2d 702, 709 (Md. 1995) (emphasis added). Specifically, "a criminal battery is committed . . . if the contact was the result of the defendant's recklessness or negligence[.]" *Id.* (quoting *Duckworth v. State,* 594 A.2d 109, 113 (Md. 1991)); *see also Lamb v. State*, 613 A.2d 402, 455 (Md. Ct. Spec. App. 1992) (holding that "[a]n unintended battery . . . requires only a general intent to do [] the criminally negligent act or [] the unlawful act, with no thought being necessary as to the consequences of the act").

Therefore, it necessarily follows that one can commit Maryland robbery if he negligently or recklessly knocks someone down (battery) and thereafter decides to steal the victim's purse (larceny). This is exactly the type of conduct that *Borden* held falls outside of the force clause. *See Borden,* 141 S. Ct. at 1821 (noting that force clause requires

"a deliberate choice of wreaking harm on another, rather than mere indifference to risk").

And to be clear, as Judge Walton carefully explained, merely because Maryland robbery requires a specific intent to steal does not change this result because that intent "concerns the larceny element rather than the assault/battery element." *Redacted*, 2022 WL 4546737, at *7.  In other words, although Maryland robbery requires a specific intent to steal, it does not require an intent to use force.  *Id.* at *7-8.

Moreover, the battery need "not [b]e committed with the intent of effectuating the larceny." *Id.* at 7.  Instead, in Maryland, "[s]o long as 'there [is] force followed by a taking with intent to steal as a part of the same general occurrence or episode[,]' then 'the intent to steal need not coincide with the force.'" *Id.* at 6 (quoting *Stebbing v. State*, 473 A.2d 903, 914 (Md. 1984)).  Thus, "Maryland robbery condones the conviction of someone who recklessly used force and 'tak[ing] advantage of [the] situation[,]' . . . engaged in larceny." *Redacted,* 2022 WL 4546737, at *7 (quoting *Metheny v. State*, 755 A.2d 1088, 1105 (Md. 2000)).

For example, "as the Maryland Court of Appeals explained in *Stebbing*, 'if the force results in death, a taking and asportation after

[the] death is nevertheless robbery.' 473 A.2d at 915. This hypothetical would involve two components: (1) the 'force [that] result[ed] in death[,]' *id.*—*i.e.*, the battery; and (2) the 'taking and asportation after [the] death[,]' *id.*—*i.e.*, the larceny. The battery [resulting in the death] need not have occurred intentionally—for example, a person recklessly running into someone and knocking them down a flight of stairs, or striking someone while driving recklessly[.]" *Redacted*, 2022 WL 4546737, at *7. This two-part conduct "constitute[s] [a] robbery because it entailed larceny and [the reckless] battery 'as part of the same general occurrence or episode[,]' *id.*" *Id.*

In short, "as defined by Maryland courts, Maryland robbery may be committed by the reckless [or negligent] use of force." *Redacted*, 2022 WL 4546737, at *7. Therefore, it is not a "violent felony" under the ACCA force clause.

**D.** **This Court's decisions in *United States v. Johnson* and *United States v. Dickson* are inapposite because they never addressed whether Maryland robbery can be committed with a reckless mens rea or less.**

The district court in Mr. Shanton's case did not refute any of the above-discussed reasoning. Instead, the court found that Maryland

robbery remains an ACCA "violent felony" solely because it was bound by this Court's decisions in *Johnson,* 945 F.3d 174, 181 and *Dickson*, 2022 WL 2340553 (4th Cir. June 29, 2021). JA122-123. But these cases have no relevance here because whether Maryland robbery can be committed with reckless force is not an issue that was briefed, addressed, or decided in these cases. Rather, the only issue addressed and decided in *Johnson* was whether Maryland robbery can be committed with the actus reus of de minimis force. 945 F.3d 174. And the only issue addressed and decided in *Dickson* was whether Maryland robbery can be committed by threating force against property or sodomy accusations. 2022 WL 2340553. Because these cases did not address the post-*Borden* mens rea issue now before this Court, they are not controlling and add nothing to the discussion.

This Court's decision in *United States v. Norman,* 935 F.3d 232, 240 (4th Cir. 2019) makes this point clear. In *Norman*, at issue was whether a federal conspiracy under 21 U.S.C. § 846 fails to qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2 because it is not a generic conspiracy. The government argued that this Court was bound by its previous precedent (*United States v. Kennedy*, 32 F.3d 876, 888

(4th Cir. 1994)) which had announced that a § 846 conspiracy is a §

4B1.2 "controlled substance offense." *Norman*, 935 F.3d at 240.

However, this Court rejected the government's argument and held that

it was not bound by *Kennedy* because that decision never addressed the

generic conspiracy issue. That was "an issue neither briefed nor

disputed[.]" *Norman,* 935 F.3d at 240. Therefore, *Kennedy* did "not

constitute a holding" on the generic conspiracy issue. *Id.* at 240 (citing

*United States v. McLeod*, 808 F.3d 972, 977 (4th Cir. 2015) (the Fourth

Circuit's previous summary statement that South Carolina burglary

was "generic" did not control because "[t]he holding [in the previous

decision] did not focus on that issue, as it was not briefed and argued to

the court"); *United States v. Hemingway,* 734 F.3d 323, 335 (4th Cir.

2013) (holding that a previous case, which assumed a sentencing

enhancement applied "did not dictate th[at] outcome" because the issue

"was not contested"); *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)

("since we have never squarely addressed the issue, and have at most

assumed [it], we are free to address the issue on the merits")).

This same reasoning applies here. Because this Court's previous

decisions in *Johnson* and *Dickson* did not address or decide whether

Maryland robbery can be committed by the reckless use of force, they have no relevance here.

*****

In sum, Maryland robbery categorically fails to qualify as an ACCA "violent felony" after *Borden*. Therefore, Mr. Shanton's ACCA sentence is void.

## CONCLUSION

For the reasons set forth above, Mr. Shanton respectfully requests that this Court reverse the district court's denial of his § 2255 motion, vacate his ACCA sentence, and remand this case to the district court for resentencing on the remaining counts of conviction.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
  for the District of Maryland

    /s/ Paresh S. Patel
Assistant Federal Public Defender
Counsel for Appellant
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland 20770
(301) 344-0600
Paresh_Patel@fd.org

Dated: August 1, 2023

## REQUEST FOR ORAL ARGUMENT

To counsel's present knowledge, this Court has not addressed the issue of whether Maryland robbery fails to qualify as an ACCA "violent felony" under *Borden*'s terms. Counsel for appellant accordingly asserts that the issues raised in this brief may be more fully developed through oral argument, and respectfully requests the same.

# CERTIFICATE OF COMPLIANCE

1.    This Brief has been prepared using Microsoft Word 2016 software, Century Schoolbook font, 14-point proportional type size.

2.    EXCLUSIVE of the corporate disclosure statement, table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains no more than 13,000 words, specifically 3,675 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

| | |
|---|---|
| August 1, 2023 | /s/   Paresh S. Patel |
| Date | Paresh S. Patel |
| | Assistant Federal Public Defender |

# CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Jason Daniel Medinger,
Office of the U.S. Attorney for the
   District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

/s/   Paresh S. Patel
Paresh S. Patel
Assistant Federal Public Defender